UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTEN DAWN R.,[1]<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security<br>Administration,[2]<br>　　　　　　Defendant. | Case No. 4:23-cv-00573-DKG<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

# INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her applications for disability and disability insurance benefits and supplemental security income. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will affirm the decision of the Commissioner for the reasons set forth below.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin J. O'Malley became the Commissioner of Social Security Administration on December 20, 2023. Fed. R. Civ. P. 25(d).

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

On December 9, 2019, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, alleging disability beginning on February 1, 2019. (AR 16). Plaintiff's application was denied initially and on reconsideration. A hearing was conducted on October 20, 2022, before Administrative Law Judge (ALJ) Michele M. Kelley. (AR 16).[3]

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on March 22, 2023, finding Plaintiff not disabled. (AR 16-27). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

On the alleged disability onset date, Plaintiff was forty-five years of age. Plaintiff is a high school graduate with past relevant work experience as a waitress and an administrative clerk. (AR 26). Plaintiff claims disability due to physical impairments including thyroid cancer, tachycardia, arthritis, shoulder problems, bone spurs, right ankle injury, knee problems, ovarian cysts, fatigue, shortness of breath, back problems, and diabetes. (AR 74-75).

---

[3] The hearing was conducted with the consent of the Plaintiff via telephone video due to the Coronavirus Pandemic of 2019. (AR 16).

**MEMORANDUM DECISION AND ORDER - 2**

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520 and 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had engaged in substantial gainful activity during 2020 and 2021 working at a concession stand. (AR 19). However, there had been a continuous twelve-month period during which Plaintiff did not engage in substantial gainful activity, and the remaining findings address that period. (AR 19). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: joint osteoarthritis, including in her right shoulder, and idiopathic peripheral neuropathy. (AR 19). The ALJ found Plaintiff's ovarian cysts, thyroid cancer status post-thyroidectomy, diabetes, right thumb injury, hyperlipidemia, hyperthyroid, metabolic syndrome, tachycardia, allergic rhinitis, and chronic sinus disease to be non-severe. (AR 19). The ALJ also concluded that Plaintiff's anxiety and depression testified to during the hearing were unsupported by evidence in the record and therefore not medically determinable impairments. (AR 19-20).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed

**MEMORANDUM DECISION AND ORDER - 3**

impairment. (AR 20). The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) for light work with the following conditions:

> [Claimant can] lift, carry, push and pull twenty pounds occasionally and ten pounds frequently, walk and stand about six hours in an eight-hour workday with normal work breaks, and sit about six hours in an eight-hour workday with normal work breaks. She cannot reach overhead with the right upper extremity but can reach to shoulder level. She can frequently handle and finger with the bilateral upper extremities. She can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl, but cannot climb ladders, ropes, or scaffolds. She needs to avoid concentrated exposure to vibrations and hazards. Normal breaks are defined as occurring every 2 hours with two breaks lasting at least 10 minutes & one break lasting at least 30 minutes. She has no significant mental limitations so can understand, remember, and carry out simple, detailed, and complex tasks, and can maintain attention, concentration, persistence, and pace for such tasks for 8-hour workdays & 40-hour workweeks. She can tolerate interaction with supervisors, coworkers, and the public, can tolerate usual work situations, and tolerate changes in routine work settings. All limitations are to be considered sustained work activities on a regular and continuous basis unless otherwise specified.

(AR 21).

At step four, the ALJ found Plaintiff capable of performing her past relevant work as a waitress and an administrative clerk. (AR 26). Therefore, the ALJ found Plaintiff not disabled and did not move on to step five. (AR 27).

## ISSUES FOR REVIEW

1. Whether the ALJ properly considered Plaintiff's subjective symptom statements.

2. Whether the ALJ rejected all medical opinion evidence of record and relied on her own lay interpretation of the raw medical data in crafting Plaintiff's RFC.

**MEMORANDUM DECISION AND ORDER - 4**

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*.

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

## DISCUSSION

### 1. Plaintiff's Symptom Statements

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to disregard her subjective symptom statements, and therefore the RFC is not supported by substantial evidence. (Dkt. 17 at 10). Defendant contends that the ALJ provided legally sufficient reasons to reject Plaintiff's statements, including that her symptom complaints

**MEMORANDUM DECISION AND ORDER - 5**

were inconsistent with the medical evidence and her activities of daily living. (Dkt. 21 at 3-5).

Where the record contains objective medical evidence "establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which [s]he complains" and there has not been an affirmative finding of malingering, a claimant's subjective symptom testimony may only be rejected for clear and convincing reasons. *Carmickle*, 533 F.3d at 1160. The clear and convincing standard does not require this Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ first summarized Plaintiff's functional report where she alleged her conditions limit her ability to work because she feels sick, tired, and weak. (AR 22, 267, 275). She stated that she cannot write, grip items, type, stand for long periods, or walk, and the pain in her fingers, hands, knees, and hips prevent her from functioning normally. *Id*. She further alleged her conditions affect her ability to lift, squat, bend, stand, reach, walk, kneel, talk, hear, climb stairs, remember, complete tasks, concentrate, and use her hands. (AR 22, 280).

The ALJ then summarized Plaintiff's hearing testimony where she stated that she stopped working due to an ankle injury in February 2019, but felt she became disabled in September 2019 when she was diagnosed with thyroid cancer. (AR 22). She underwent a thyroidectomy and additional recovery to regulate her thyroid, but has since developed arthritis and neuropathy, which are the main reasons she is unable to work. *Id*. She described the pain as "horrible" and "comparable to labor" and stated her feet are

constantly burning. (AR 22, 49, 51). She stated she cannot grip, so items fall out of her hands. (AR 22, 57, 58). She testified that at times she cannot even lift a fork, stir, or cook, and her medication does not help or helps for only a minute. (AR 22, 59). Plaintiff also testified that scar tissue in her ears affects her hearing, she gets severe four-hour headaches multiple times a week, and that her anemia affects her energy levels, as does her diabetes, anxiety, and depression. (AR 22, 54-55).

After summarizing Plaintiff's functional report and testimony, the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of her symptoms were not consistent with the medical evidence and other evidence in the record. (AR 23).

Here, the ALJ provided clear and convincing reasons for rejecting Plaintiff's statements, namely, inconsistency with the majority of medical evidence and Plaintiff's activities of daily living. *Smith v. Kijakazi*, 2022 U.S. App. LEXIS 19014, at *7 (9th Cir. 2022) ("Under the deferential standard of review for credibility determinations, we generally leave it to the ALJ to determine credibility, while requiring that a finding that a claimant's testimony is not credible must be sufficiently specific to ensure that the ALJ did not arbitrarily discredit it.") (internal quotation marks omitted).

Plaintiff argues that the ALJ "cherry-picked" the medical evidence and ignored evidence of Plaintiff's abnormal examinations. (Dkt. 17 at 10). Plaintiff cites to multiple medical records documenting Plaintiff's arthritis in her right shoulder, for which she received an injection. (AR 506-07). However, the ALJ cited to the same records, and acknowledged Plaintiff's tenderness with palpitation of her right shoulder and

**MEMORANDUM DECISION AND ORDER - 7**

subsequently included a limitation in the RFC of no overhead reaching with her right upper extremity. (AR 21, 23). Plaintiff also points to records of her hospital visit in July 2019, which revealed sinus tachycardia, but the ALJ thoroughly discussed Plaintiff's thyroid cancer and tachycardia within the decision, and found that following her thyroidectomy in September 2019, those issues were resolved within a few months and her examinations were otherwise normal. (Dkt. 17 at 11); (AR 23, 491, 497, 512, 517, 595, 620-21, 624-25, 628-29, 684-85, 836. 843, 848-49, 855).

Further, the ALJ specifically mentioned the evidence of early osteoarthritis nodules in the joints of Plaintiff's hands, but also noted that in the same record, and the majority of other medical evidence, she appeared healthy, active, and alert, was not in acute distress, ambulated normally with a normal gait, and had normal strength and grossly normal movement of her extremities. (AR 23, 491, 497, 512, 517, 595, 620-21, 624-25, 628-29, 684-85, 836. 843, 848-49, 855). The ALJ thoroughly discussed Plaintiff's medical history, including her arthritis, thyroid cancer, and tachycardia, but ultimately concluded the medical evidence to be inconsistent with Plaintiff's testimony of constant pain and disabling symptoms. (AR 22).

The ALJ also found Plaintiff's testimony that she is unable to walk and walks with a limp to be inconsistent with the majority of evidence in the record. (AR 23, 53). In July 2022, Plaintiff presented to her provider to update her problem and medication lists due to her attempt to get social security disability. (AR 828). During that appointment, Plaintiff was noted to have limited ambulation and a shuffling antalgic gait. (AR 829). She was otherwise found to appear healthy, was not in acute distress, had no focal

**MEMORANDUM DECISION AND ORDER - 8**

neurological deficits, and had intact sensation. (AR 828-29). However, during an examination in September 2022, no gait abnormality was noted, and her provider found her extremities to be without tenderness. (AR 985). After the hearing, Plaintiff presented for a consultative exam, where her gait was described as mildly altered. (AR 1012). As mentioned by the ALJ and supported in the record, other than the July 2022 exam and the consultive examination following the administrative hearing, no other examination records noted Plaintiff's gait to be abnormal or found that she was unable to ambulate effectively. (AR 23, 491, 497, 512, 517, 595, 620-21, 624-25, 628-29, 684-85, 836. 843, 848-49, 855).

The Court here finds that the ALJ did not "cherry-pick" the evidence in the record, but rather sufficiently addressed what Plaintiff considered to be abnormal examinations and evidence within decision. The ALJ reasonably concluded that Plaintiff's subjective symptom complaints were not fully consistent with medical evidence in the record. (AR 32, 570); *see Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (an ALJ may reject subjective symptom testimony that is inconsistent with the medical record). Plaintiff having a differing view of the record is not a sufficient reason for remand. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (where the ALJ's interpretation of the evidence in the record is reasonable as it is here, it should not be second-guessed). Therefore, this was a proper, clear and convincing reason for rejecting Plaintiff's symptom statements. *Smartt*, 53 F.4th at 498 (finding an inconsistency between plaintiff's statements and medical evidence is a clear and convincing basis to discount symptom statements).

Additionally, the ALJ found Plaintiff's reported activities to be inconsistent with the level of functional compromise to which she testified. (AR 24). Throughout the record, Plaintiff reported being employed full-time, after the initial onset date, including owning her own business running a concession stand up until August 2021. (AR 24, 341, 490, 510, 519). Here, the ALJ reasonably inferred that Plaintiff's ability to work past the alleged onset date was inconsistent with her testimony that she was unable to work in any capacity due to her impairments. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (an ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled.). Plaintiff also saw her provider in November of 2020, regarding a right thumb injury from playing softball a few months prior. (AR 24, 848). While Plaintiff playing softball does not meet the threshold for transferable work skills, the ALJ reasonably determined such an activity to contradict Plaintiff's testimony of being completely disabled and unable to walk, stand, or grip things. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (daily activities may be used to discount subjective complaints where activities contradict a plaintiff's other testimony). As such, the Court finds the inconsistencies between Plaintiff's symptom statements and her activities of daily living to be a clear and convincing reason to discredit her testimony.

For the above reasons, the Court concludes that the ALJ provided clear and convincing reasons supported by substantial evidence in the record for rejecting Plaintiff's subjective symptom testimony.

  2. RFC Formulation

Plaintiff also asserts that the ALJ rejected all medical opinion evidence of record,

**MEMORANDUM DECISION AND ORDER - 10**

and instead relied on her own lay interpretation of the medical evidence to craft Plaintiff's RFC. (Dkt. 17 at 7). As such, no medical opinion supported the ALJ's RFC determination that Plaintiff can perform work at the light exertional level with additional restrictions, and therefore the RFC is not supported by substantial evidence. *Id.* at 8. Defendant contends that the ALJ found the prior administrative findings of agency consultant Vestal to be persuasive, and the ALJ assessed an RFC that fully comported with Vestal's findings. (Dkt. 21 at 8). Further, because Plaintiff does not dispute the ALJ's persuasiveness finding of Vestal's opinion, the Court should uphold the ALJ's decision. *Id.* at 8-9.

As pointed out by Defendant, Plaintiff does not challenge the ALJ's evaluation of the persuasiveness of the medical opinion evidence. (Dkt. 21 at 7). The Court will therefore only evaluate whether the ALJ erred by relying on her own interpretation of the medical evidence in the record. *Carmickle*, 533 F.3d at 1161 n.2.

The RFC is "the most [a plaintiff] can still do despite [her] limitations and is based on all relevant evidence in the record rather than a single medical opinion or piece of evidence." 20 C.F.R. § 404.1545(a)(1). The ALJ must weigh medical records, medical and other source opinions, and a plaintiff's symptom testimony. *Id.* § 404.1545(a)(3); *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("[The Court] will affirm the ALJ's determination of [a plaintiff's] RFC if the ALJ applied the proper legal standard and [her] decision is supported by substantial evidence.") (citation omitted); *Walker v. Comm'r of Soc. Sec.*, 2024 U.S. Dist. LEXIS 2640, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) ("While the ALJ 'can pick and choose between opinions expressed by

**MEMORANDUM DECISION AND ORDER - 11**

the experts,' when an ALJ decides [] residual functional capacity 'without the support of any of the medical opinion evidence,' this is error.") (internal quotations omitted).

First, Plaintiff asserts that the ALJ rejected all medical opinions and therefore relied on her own lay interpretation of the medical evidence to craft Plaintiff's RFC. (Dkt. 17 at 7). The Court agrees with Plaintiff that an ALJ "may not rely on [her] own unsupported interpretation of the medical evidence." *Peter B. v. Comm'r, Soc. Sec. Admin.*, 2022 U.S. Dist. LEXIS 134986, 2022 WL 3010162, at *3 (D. Or. July 28, 2022) (quoting *Davis v. Colvin*, 2016 U.S. Dist. LEXIS 107388, 2016 WL 8674265, at *8 (D. Or. Aug. 12, 2016)); *see also Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999).

Nevertheless, as Defendant correctly points out, an ALJ's RFC finding does not need to be identical to the relevant limitations assessed in the medical opinion, but only consistent with them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). Here, the ALJ found initial agency consultant Vestal's opinion to be persuasive. (AR 24). Vestal's opinion found Plaintiff to be capable of light work, with some manipulative, postural, and environmental limitations. (AR 24, 77-82). Although the ALJ found Plaintiff to require slightly greater postural limitations and slightly fewer manipulative limitations as those identified in Vestal's opinion, both the RFC and Vestal's opinion consist of light work and identical exertional and environmental limitations. (AR 21, 78-80). As such, the Court finds the ALJ's RFC to be consistent with Vestal's medical opinion. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2017).

Again, Plaintiff does not argue that the ALJ's RFC determination itself or the evaluation of the agency consultants' opinions initially or on reconsideration are in error,

**MEMORANDUM DECISION AND ORDER - 12**

instead contending that the ALJ rejected *all* opinion evidence, and for that reason, Plaintiff's RFC is unsupported by the evidence. (Dkt. 17 at 7) (emphasis added). The Court finds that the ALJ did not reject Vestal's opinion, and that the ALJ constructed the RFC consistent with that opinion.

Second, Plaintiff points to agency consultant Coolidge's opinion on reconsideration, which stated Vestal's opinion, that Plaintiff was capable of light work, was no longer persuasive. (Dkt. 22 at 2). Plaintiff argues that because Coolidge determined Vestal's opinion to be no longer persuasive, and the ALJ found all opinions other than Vestal's to be unpersuasive, she relied on her own interpretation of the medical evidence to construct the RFC. *Id*. However, contrary to Plaintiff's assertion, the relevant consideration is not whether Coolidge found the initial opinion of Vestal to be persuasive on reconsideration, but the persuasiveness finding of Vestal's opinion as found by the ALJ. It is the ALJ's responsibility to determine the persuasiveness of the medical opinions, and a doctor finding another medical opinion unpersuasive does not preclude the ALJ from finding otherwise and thereafter relying on that opinion. *Driscoll v. Kijakazi*, 2023 U.S. App. LEXIS 19627, at *5 (9th Cir. 2023) (holding the ALJ is responsible for interpreting the medical evidence).

Plaintiff also contends that one of the reasons Coolidge found Vestal's opinion to be no longer persuasive was because of additional evidence unseen at the initial level. *Id*. After review of Coolidge's opinion, the record states that he gave more weight to Plaintiff's complaints of weakness, fatigue, and pain on reconsideration, and as such found Plaintiff capable of only sedentary work, rather than light work as found in

**MEMORANDUM DECISION AND ORDER - 13**

Vestal's opinion. (AR 105). The fact that there were additional medical records provided at the reconsideration level, does not automatically make the opinion of the initial agency consultant unpersuasive. *See Shannon F. v. O' Malley*, 2024 U.S. Dist. LEXIS 167623, at *14-15 (S.D. Cal. Sep. 17, 2024) (quoting *De Hoog v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 100712, at *22 (E.D. Cal. July 23, 2014)) ("In virtually every case, further evidence is received after the state agency physicians render their assessments – sometimes additional evidence and records are even received after the ALJ hearing."). Medical records post-dating a state agency physician's review does not in itself trigger a duty on behalf of the ALJ to further develop the record nor obligate the ALJ to obtain new medical opinion evidence. *Sherri Lashawn K. v. Kijakazi*, 2021 U.S. Dist. LEXIS 170308, at *8-*9 (S.D. Cal. Sep. 8, 2021); *Steininger v. Colvin*, 2013 U.S. Dist. LEXIS 80896, at *6 (C.D. Cal. May 30, 2013).

Further, it is part of the ALJ's responsibility to evaluate how persuasive a medical opinion is using numerous factors, including considering "whether new evidence [the ALJ] receive[d] after the medical source made his or her medical opinion [] makes the medical opinion [] more or less persuasive." 20 C.F.R. § 404.1520c(5). The Court finds that the ALJ's conclusion that Vestal's opinion is persuasive, despite additional medical records being submitted after he rendered his assessment, is an appropriate application of the legal standards governing medical opinion evidence. *See* 20 C.F.R. § 404.1520c. Although Vestal did not review the additional records, the ALJ did, and still found his opinion to be persuasive. *See Castaneda v. Astrue*, 344 F. App'x 396, 398 (9th Cir. 2009).

**MEMORANDUM DECISION AND ORDER - 14**

Ultimately, the Court concludes that the ALJ did not reject all medical opinion evidence, as she found Vestal's opinion to be persuasive. Plaintiff's RFC is consistent with that opinion. The ALJ reasonably relied on the persuasive opinion of Vestal in constructing Plaintiff's RFC. As such, the ALJ did not err.

Although the Plaintiff has an alternative view of the record, the Court finds that the ALJ reasonably considered all evidence in the record, including the records cited to in Plaintiff's brief, but ultimately found the RFC to be supported by substantial evidence in the record. It is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). The Court finds the ALJ's interpretation here to be rational and supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec.* 528 F.3d 1194, 1198 (9th Cir. 2008) (where the evidence is "susceptible to more than one rational interpretation" the ALJ's reasonable evaluation of the record should be upheld).

## CONCLUSION

Based on the above, the Court finds the Commissioner's decision is supported by substantial evidence and reflects application of the correct legal standards. The decision will be affirmed.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1) The decision of the Commissioner of Social Security be **AFFIRMED**;

2) Judgment be **ENTERED** consistent with the above in favor of Defendant.

DATED: September 25, 2024

_/s/ Debora K. Grasham_

Honorable Debora K. Grasham
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 16